UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

        Plaintiff,

   v.                         CASE NO.  2:12-CV-12621
                                  JUDGE STEPHEN J. MURPHY, III
MICHIGAN DEPARTMENT OF       MAGISTRATE JUDGE PAUL J. KOMIVES
CORRECTIONS, et al.,

        Defendants.
                                   /

MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF
EXPERT WITNESS (docket #39)

Plaintiff Joel Carter, a state prisoner, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs and violated Title II of the Americans with Disabilities Act.  On July 11, 2013, I filed a Report recommending that the Court grant summary judgment to defendants Pandya and Stieve, and *sua sponte* dismiss plaintiff's remaining claims.  On the prior day, July 10, plaintiff filed this motion for appointment of an expert witness.  The relief requested by plaintiff is inappropriate, for several reasons.  First, a district court is not empowered by the *in forma pauperis* statute, 28 U.S.C. § 1915, or by any other source of law, to appoint expert witnesses to indigent defendants.  *See Pedraza v. Jones*, 71 F.3d 194, 196-97 (5th Cir. 1995); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987).  Second, as explained in my Report, defendants are entitled to summary judgment or dismissal of plaintiff's claims.  Third, the ground upon which plaintiff seeks an expert is irrelevant to his claims.  Plaintiff seeks an expert to prove that defendants are "practicing below the standard

of care." Mot., ¶ 3; *see id.*, ¶¶ 9-11.  The standard of care speaks to whether defendants committed medical malpractice; as explained in my Report, however, medical malpractice is insufficient to establish an Eighth Amendment claim.  Rather, plaintiff must show that defendants were deliberately indifferent, which does not depend on whether they met or failed to meet the applicable standard of care.  *See Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976).  And deliberate indifference is a legal question not within the purview of an expert witness.  *See Berry v. City of Detroit*, 25 F.3d 1342, 1352 (6th Cir. 1994).

Accordingly, it is ORDERED that plaintiff's motion for appointment of an expert witness is hereby DENIED.  The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


Dated: July 19, 2013              s/Paul J. Komives
                                  PAUL J. KOMIVES
                                  UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on July 19, 2013, electronically and/or by U.S. mail.

                                  s/Michael Williams
                                  Relief Case Manager for the
                                  Honorable Paul J. Komives