UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

       Plaintiff,                               Case No. 12-cv-12621

v.                                      HONORABLE STEPHEN J. MURPHY, III

MICHIGAN DEPARTMENT OF
CORRECTIONS, et. al.,

       Defendants.

_____/

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION (document no. 41), DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (document no. 27), FOR A PRELIMINARY INJUNCTION (document no. 32), FOR SUMMARY JUDGMENT (document no. 33), AND FOR APPOINTMENT OF AN EXPERT WITNESS (document no. 39), AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (document no. 28)

Plaintiff Joel Carter was a state prisoner incarcerated at the Marquette Branch Prison and the Gus Harrison Correctional Facility at all times relevant to his complaint. He commenced this action by filing a *pro se* civil rights complaint asserting violations of 42 U.S.C. § 1983 and Title II of the Americans with Disabilities ACT ("ADA"). Carter alleges that he suffers from multiple sclerosis ("MS"), a degenerative nerve condition, and, as a result, was prescribed daily injections of Copaxone in 2004. In his complaint, he makes several allegations regarding his medical treatment while at both Marquette Branch Prison and the Gus Harrison Correctional Facility and asserts three causes of action. First, he alleges that defendant Regional Medical Officer Dr. Haresh Pandya's failure to approve his prescription for Copaxone constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Next, he alleges that defendant Michigan Department of Corrections' ("MDOC") Pain Management Committee's denial of his requested

medication constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Finally, he alleges that defendants' failure to provide him with appropriate medical treatment violated Title II of the ADA.

The Court referred the case to a magistrate judge for all pretrial proceedings. Named as defendants are MDOC, Dr. Pandya, and John/Jane Does 1-5, members of the "Pain Committee." After the complaint was filed, the magistrate judge ordered the MDOC to provide the names and addresses of the members of the Pain Management Committee to the U.S. Marshal's Service so service could be effected on those defendants. ECF No. 14. As a result, service was effected on one additional defendant, Chief Medical Officer Dr. Jeffrey Stieve.

The parties then made several motions. On March 1, 2013, Carter filed a motion for leave to file an amended complaint. Mot. for Leave to File First Amend. Compl., ECF No. 27. In his motion, Carter seeks to: (1) add state law claims of gross negligence and intentional infliction of emotional distress; (2) add federal claims of conspiracy to deprive him of his civil rights pursuant to 42 U.S.C. §§ 1985(3) and 1986; (3) add Daniel Heyns, Director of MDOC, as a defendant in his official capacity; (4) add William Borgerding, a member of the Pain Management Committee, as a defendant; and (5) add additional factual allegations regarding the treatment of his condition. *Id.* Defendants did not file a response to the motion.

On March 20, 2013, defendants Pandya and Stieve filed a motion for summary judgment. ECF No. 28. On May 6, 2013, Carter filed a combined motion for summary judgment and response to defendants' motion. ECF No. 33. On the same day, Carter filed a motion for a temporary restraining order and preliminary injunction, seeking to prevent

2

defendants from subjecting him to the unnecessary infliction of pain and requiring them to provide appropriate medication for his medical condition. ECF No. 32. Defendants Pandya and Stieve filed a response to that motion on June 7, 2013. ECF No. 34.

All of the motions were the subject of the magistrate judge's Report and Recommendation ("Report"), issued on July 11, 2013. ECF No. 41. The Report recommends that the Court grant defendants' motion for summary judgment and deny Carter's motion for summary judgment, grant summary judgment to the moving defendants, *sua sponte* grant summary judgment to the non-moving defendants on Carter's Eighth Amendment claim, *sua sponte* dismiss Carter's ADA claims against all defendants, and deny Carter's motions for leave to file an amended complaint and for injunctive relief.

On July 10, 2013, Carter filed a motion requesting appointment of an expert witness. Mot. for Appointment of Expert Witness, ECF No. 39. By memorandum order dated July 19, 2013, the magistrate judge denied the motion. ECF No. 42.

Carter filed timely objections to the Report on July 29, 2013. ECF No. 43. Carter also filed a document labeled an objection to the order denying his request for appointment of an expert witness, ECF No. 44, that the Court construes as an appeal of that order. Defendants responded neither to Carter's objections nor his appeal. The Court will review both the magistrate judge's Report and order here. The Court finds that the objections lack merit, and that the Report's conclusions are factually and legally sound. Accordingly, it will overrule the objections, adopt the report, grant defendants' motion for summary judgment, deny Carter's motions, and dismiss the case. As a result, the Court need not reach the motion to deny Carter's request for the appointment of an expert witness. In any event, the Court affirms the order.

3

**STANDARD OF REVIEW**

Recommendations on dispositive motions given by a magistrate judge are reviewed pursuant to Fed. R. Civ. P. 72(b). The district judge who referred the motions is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Regarding the appeal of the order denying Carter's motion requesting appointment of an expert witness, ths Court may reconsider that order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

**DISCUSSION**

Carter has made numerous objections to the magistrate's decision regarding his Eighth Amendment claims. He has also made objections to the denial of his ADA claims, his motion for injunctive relief, and his motion to amend the complaint.[1] Therefore, the Court reviews these claims de novo and they will be addressed in that order for organizational purposes. Finally, the order denying Carter's motion to request the appointment of an expert will be addressed.

I.    <u>Summary Judgment for Defendants on Carter's Eighth Amendment Claims</u>

---

[1] Carter has not raised any objections to the magistrate judge's recommendation to grant summary judgment *sua sponte* to non-moving defendant MDOC.

4

Although he makes eight different objections regarding his Eighth Amendment claims, Carter's arguments can be concentrated around the following main objections that the magistrate judge erred in his Report by: (1) failing to accept his factual allegations as true and resolving factual disputes in defendants' favor (Objection #8); (2) deciding that defendants acted without deliberate indifference regarding his care when at least issues of fact existed regarding the delay in the approval of Copaxone and the failure to approve Neurotonin (Objection # 1-6); and (3) determining that he did not submit medical evidence that he suffered any harm (Objection #7).

An Eighth Amendment claim made after incarceration can be made only by a showing of "unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). It is well-settled that deliberate indifference to serious medical needs of prisoners constitutes "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Court faces a two-pronged inquiry: the objective question of whether the deprivation was sufficiently serious and the subjective question of whether the defendants acted with a sufficiently culpable state of mind. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). "Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice." *Wright v. Taylor*, 79 Fed. Appx. 829, 831 (6th Cir. 2003).

The Court accepts the magistrate judge's conclusion that MS and its related symptoms constitute a serious medical need. Carter's specific claims are that defendants failed to act quickly enough on his requests for pain medication and refused to prescribe him Neurontin. Contrary to Carter's arguments, however, defendants were not deliberately indifferent in providing treatment. The record shows that defendants provided constant

5

treatment for Carter's MS, specifically by providing various medications to treat his neurological symptoms and his pain.

Carter argues that the defendants did not practice in accordance with "medically accepted standards." As such, Carter essentially contends that defendants committed acts of medical malpractice. Nonetheless, "a complaint that a physician has been negligent in diagnosing of treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.3d 857, 860 n.5 (6th Cir. 1976). Because the evidence presented shows that defendants approved Carter's requests for Copaxone and considered his requests for Neurotonin before settling on alternative treatments, there is no issue of fact regarding whether defendants acted with deliberate indifference.

Defendants' delays in responding to Carter's medication requests do not constitute deliberate indifference. Although there was a delay in the renewal of Carter's Copaxone prescription for at least the period between his request on July 1, 2011 and its approval on August 12, 2011,[2] there is no evidence that defendants acted with deliberate indifference

---

[2]The instant case is not like *Blackmore v. Kalamazooo Cnty.*, 390 F.3d 890 (6th Cir. 2004), cited by Carter, in which a triable issue of fact was found regarding deliberate indifference when an inmate was not treated for abdominal pain, which was actually appendicitis, for more than fifty hours. Unlike Carter, "Blackmore did not suffer from a long-term and well monitored illness, but rather exhibited obvious manifestations of pain and injury." *Id.* at 899.

in not acting sooner upon the request. In fact, the record demonstrates that the delay may have been inadvertent because Dr. Pandya averred that he did not handle the July 1, 2011 request because he was on annual leave until July 5, 2011, and, upon his return, he did not find out about the request until a utilization review took place. Although plaintiff points to a page of his medical records showing that the request for Copaxone was resubmitted on August 12, 2011, this notation is of little value as the same records establish that the prescription was approved that same day. *See* Pl. Mot. for Summ. J., Ex. C, ECF No. 33.

In addition, Carter cannot show that defendants acted with deliberate indifference when they did not approve his request for Neurotonin. Although Carter alleges that his June 6, 2011 request for Neurotonin was ignored, his medical records submitted by the defendants show that this request was the subject of a pain assessment consultation that took place on August 16, 2011 and was reviewed by the Pain Management Committee on August 31, 2011. As with the Copaxone renewal, the delay in reviewing this request in and of itself does not show deliberate indifference. Carter asserts that, because he was not prescribed Neurotonin, the gravamen of his problem was not addressed. Notwithstanding this contention, the evidence shows that he was given other treatments. "A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs." *Acosta v. Naphcare*, No. 09-cv-1998, 2010 WL 3522356 at *5 (D. Nev. Sept. 2, 2010). Selecting the appropriate medication for a patient is a "classic example of a matter for medical judgment," which may rise to medical malpractice but not deliberate indifference. *Estelle*, 429 U.S. at 107.

Finally, Carter's claim regarding the delay in receiving Copaxone alternatively fails because "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001). Carter argues that he submitted medical records showing the harm he suffered as a result of defendants' delay in renewing his Copaxone prescription, but never explains what that harm was. Moreover, the records show no harm other than his complaints of lower back and leg pain. Furthermore, contrary to Carter's contention, the detriment he suffered is not obvious.

Thus, Carter's objections regarding the grant of summary judgment to defendants on his Eighth Amendment claims must be overruled.

II.   Dismissal of Carter's ADA Claims

Carter first objects that his ADA claim should go forward against the individually named defendants. Objections at 7, ECF No. 43. But it is well-established that claims under the ADA cannot be brought against government officials in their individual capacities. 42 U.S.C. § 1213(1); *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004); *Taney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005). Carter even admits, "Title II of the ADA does not provide for suit against a public official acting in his or her individual capacity." Objection at 7, ECF No. 43. Accordingly, the objection must be denied.

Carter also objects that he has alleged that he has stated an ADA claim in that he has alleged discrimination on the basis of his disability. *Id.* at 7-8. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded

8

from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. In order to establish a prima facie case pursuant to Title II, a plaintiff must establish that: (1) he has a disability; (2) he is otherwise qualified for the benefit at issue; and (3) he is being denied the benefit solely because of his disability. *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). In the operative complaint, Carter alleges merely that he was entitled to the receipt of medical services and that he received treatment unequal to that received by other disabled persons with fewer or less serious disabilities so that he was denied "meaningful access" to medical services. *See* Compl., ¶¶ 35-40, ECF No. 1. As discussed above, defendants' actions toward Carter at most may have constituted negligence and they showed no deliberate indifference in his treatment. "The ADA does not create a remedy for medical malpractice. The Act is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Winburn v. Davis*, No. 08-14996, 2009 WL 3004555 at *5 (E.D. Mich. Sept. 16, 2009). As a result, Carter "cannot bring his medical malpractice claim in the guise of a disability discrimination claim." *Id.*[3] Accordingly, his ADA claims must be dismissed.

III.    Denial of Carter's Motion for Injunctive Relief

Carter seeks a preliminary injunction "enjoining Defendants from subjecting Plaintiff to the unnecessary infliction of pain, and requiring them to provide Plaintiff with appropriate

---

[3] In his objections, Carter refers to his pleadings regarding this claim in his proposed amended complaint. First, the allegations in this complaint need not be considered as Carter's motion for leave to amend was properly denied. In any event, the allegations in the proposed first amended complaint with respect to the ADA do not differ from the allegations in the operative complaint in any meaningful way.

9

medication for his medical condition, in accordance with modern medical science and within professional standards." Mot. for TRO and Prelim. Inj. at 4, ECF No. 32. In his objections, he asserts that the magistrate judge erred in denying relief because he has demonstrated a likelihood of success on the merits, that MDOC would not suffer harm if it were granted, and that providing medication to him would serve the public interest.

In considering a motion for a preliminary injunction in its discretion, the district court should consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met," and "[n]o single factor will be determinative as to the appropriateness of equitable relief." *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Nevertheless, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Because Carter is challenging the conditions of his confinement, an injunction here is also subject to § 802 of the Prison Litigation Reform Act which provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . in tailoring any preliminary relief.

18 U.S.C. § 3636(a)(2). Those principles of comity require the relief not to require or permit a government official to exceed his authority under state or local law or violate such a law and must be no broader than necessary to remedy the constitutional violation. *See* 18 U.S.C. § 3636(a)(1)(B); *Kendrick v. Bland*, 740 F.2d 432, 437 (6th Cir. 1984).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, courts have identified preliminary injunctions, like Carter's, which alter the status quo, as particularly disfavored and have given them even closer scrutiny. *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005).

"Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs.*, 225 F.3d 620, 625 (6th Cir. 2000). Carter cannot show a likelihood of success on the merits because defendants are entitled to summary judgment on all of his claims. In addition, Carter has not even alleged that he would suffer irreparable injury without the injunction. He has not explained how he has continued to suffer adverse effects from his medical treatment, only that he was delayed or denied in getting medication in the past. This cannot be the basis for the grant of a preliminary injunction because "[i]t is well settled that '[a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm.'" *RGIS LLC v. A.S.T. Inc.*, No. 07-10975, 2008 WL 878908 at *2 (E.D. Mich. Mar. 28, 2008) (quoting *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997). Although nothing in the record suggests that granting a preliminary injunction would cause substantial harm to others, the Court must be mindful of the cautions that apply to issuing an injunction that affects the operation of the prison system,

11

which also shows that the public interest would not be served by issuing the injunction. Accordingly, balancing all of the applicable factors, the Court denies Carter's motion for a preliminary injunction.

IV.   Denial of Carter's Motion for Leave to Amend

In his objections, Carter does not challenge the magistrate judge's denial of his motion to amend his complaint to add new state tort claims of gross negligence and intentional infliction of emotional distress as well as federal conspiracy to deprive him of his civil rights pursuant to 42 U.S.C. §§ 1985(3) and 1986. Instead, he disputes only the magistrate judge's denial of his attempts to add new parties and a new factual allegation.

"[A] court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is proper to deny a motion to amend when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Here, Carter's proposed amendment to add Daniel Heyns, MDOC's Director, and William Borgerding, another member of the Pain Management Committee, would be futile. Although Carter points out that Borgerding denied one of his requests for Copaxone, that allegation would be subject to summary judgment under the standard for presenting an Eighth Amendment claim. Leave to amend to add Heyns would also be futile. Liability in a § 1983 action cannot be based on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In order to be able to assert liability against an individual, "a plaintiff must plead that each Government-official defendant, through the

12

official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 691 (2009). Carter has not set forth any allegations against Heyns or suggested that he was in any way personally involved in his medical care. Therefore, his motion to amend the complaint to add new parties is denied.

Likewise, Carter's motion to amend the complaint to add the new factual allegation that Dr. Pandya denied a Dr. Czop's request for Neurontin on behalf of Carter in 2010 is also futile. As explained above, the denial of such a request and provision of alternative medication does not rise to the level of deliberate indifference. Thus, leave to amend is denied as futile.

V.   Denial of Carter's Motion Requesting the Appointment of An Expert

Finally, the magistrate judge properly denied Carter's request for the appointment of an expert witness. Carter sought the appointment of an expert witness to show that defendants were not acting within the appropriate standard of care in providing his medical treatment. The in forma pauperis statute, 28 U.S.C. § 1915, does not require the Court to appoint an expert witness in order to aid an indigent defendant. *See Pedraza v. Jones*, 71 F.3d 194, 196-97 (5th Cir. 1995). In any event, although Fed. R. Evid. 706 provides a Court with the discretion to appoint an expert witness, *Dodson v. Wilkinson*, 304 Fed. App'x. 434, 442 (6th Cir. Dec. 24, 2008), the magistrate judge properly concluded that there was no basis to do so here. Defendants are entitled to summary judgment or dismissal of all of Carter's claims.

**ORDER**

13

**WHEREFORE**, it is hereby **ORDERED** that Carter's objections (document nos. 43 and 44) are **OVERRULED**, and the magistrate judge's Report (document no. 41) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the magistrate judge's order denying Carter's request for appointment of an expert witness (document no. 42) is **UPHELD**.

**IT IS FURTHER ORDERED** that Carter's motions for leave to file a first amended complaint (document no. 27), for a preliminary injunction (document no. 32), for summary judgment (document no. 33), and for appointment of an expert witness (document no. 39) are **DENIED**.

**IT IS FURTHER ORDERED** defendants' motion for summary judgment (document no. 28) is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 19, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 19, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

14